SALENA MAGUIRE, ADMRX. V. CINCINNATI TRAC. CO.

**Release by Employe of Claim for Injuries Bars Estate, But not Widow or Next of Kin.**

> A release in full for all claims for damages growing out of an injury received by an employe bars his estate, under Gen. Code 11397, from further recovery in the event of his subsequent death in consequence of such injuries, but leaves intact any claim for loss sustained by the widow or next of kin, under Gen. Code 10770.

ERROR to common pleas court.

*D. T. Hackett,* for plaintiff in error.
*George H. Warrington,* for defendant in error.

**JONES, J.**

This action was brought below by plaintiff in error on behalf of the widow and next of kin of Hugh C. Maguire against the Cincinnati Traction Company, defendant in error, for damages on account of the death of said Hugh C. Maguire, which was caused, as alleged in the petition, by the negligence of defendant.

An answer was filed by defendant, one of the defenses therein being that the action is barred for the reason that after the alleged accident upon which the claim of plaintiff is founded, and before his death, plaintiff's intestate, upon payment to him of the sum of $25 by defendant company, executed and delivered to it a "receipt and release in full of all claims for damages growing out of said accident which he or anyone by, through, or under him might have or assert against said defendant, and that defendant is still in possession of said release."

To this defense a demurrer was filed, which was overruled by the court, and, the plaintiff not desiring to plead further, the petition was dismissed and judgment given in favor of de-

fendant. Plaintiff in error asks for a reversal of said judgment.

The question raised by the demurrer is: Does the release executed by plaintiff's intestate bar a right of recovery for the benefit of the widow and next of kin?

The right to bring an action for wrongful death for the benefit of the estate of decedent is given by Gen. Code 11397.

An independent right of action to be brought by the administrator on behalf of the widow and next of kin is given by Gen. Code 10770. The only condition imposed by this section is that the "wrongful act, neglect or default" must have been such as to have entitled the party injured to maintain an action and recover damages in respect thereof if death had not ensued.

It will be seen that the circumstances of the accident or injury determine the right of such action. We do not think it is within the power of the party injured, by any act of his subsequent to the injury, to bar this action.

The case of *Mahoning Valley Ry.* v. *Van Alstine,* 77 Ohio St. 395 [83 N. E. Rep. 601; 14 L. R. A. (N. S.) 893], is decisive of the case and clearly establishes the right to maintain an independent action for the beneficiaries named in the statute.

The right of the estate under Gen. Code 11397 is barred by the release, and when this case is tried the only ground of recovery will be the loss sustained by the widow and next of kin.

Judgment reversed.

**Smith** and **Swing, JJ.,** concur.